IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-03731 |
| v. ) | Judge Steven C. Seeger |
| ) | Magistrate Judge Maria Valdez |
| JPMORGAN CHASE BANK, N.A.; MCCALLA ) | |
| RAYMER PIERCE, LLC; MARK MCGINN; ) | |
| JOSHUA EMBERTON; HEAVNER BEYERS & ) | |
| MIHLAR LLC; PENNY A. EILERS; KAREN C. ) | |
| MITCH; and VERONIKA MILES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1), (5), AND (6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), (5), and (6), defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby moves to dismiss plaintiff James Stewart's Complaint as to Chase. In support of its motion, Chase states as follows:

1. On June 13, 2023, Stewart filed his Complaint, naming as defendants Chase, the law firm of McCalla Raymer Liebert Pierce LLC ("MRLP"), two MRLP attorneys (Mark McGinn and Joshua Emberton), the law firm of Heavner Beyers & Mihlar LLC ("HBM"), and three HBM attorneys (Penny A. Eilers, Karen C. Mitch, and Veronika Miles). (Dkt. No. 1; "Complaint" or "Compl.")

2. In his Complaint, Stewart attempts to litigate issues relating to a consolidated foreclosure action pending in the Circuit Court of Cook County. *See JPMorgan Chase Bank, N.A. v. James Stewart, et al.*, Case No. 2017 CH 14700 (the "2017 Foreclosure Action"); *JPMorgan Chase Bank, N.A. v. James Stewart, et al.*, Case No. 2018 CH 6080 (the "2018 Foreclosure Action") (together, the "Foreclosure Action").

3. Specifically, Stewart alleges Chase's and its attorneys' attempt to continue to litigate the Foreclosure Action is barred by 735 ILCS 5/13-217's so-called "one re-filing rule" and *res judicata*. (Compl. ¶¶ 39-44.) He brings three counts in his Complaint. Counts I and II allege all defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDPCA"), by continuing to litigate the Foreclosure Action. (*Id*. ¶¶ 46-56.) Count III alleges MRLP, HBM, and the individual attorneys violated the Illinois Consumer Fraud Act by continuing to litigate the Foreclosure Action in violation of the "one re-filing rule." (*Id*. ¶¶ 57-64.)

4. The Court should dismiss Stewart's Complaint against Chase for three reasons.

5. First, the Court should dismiss the Complaint as to Chase pursuant to Fed. R. Civ. P. 12(b)(5) because: (a) Stewart purported to serve Chase himself, in violation of Fed. R. Civ. P. 4(c)(2); and (b) Stewart failed to serve Chase through a person or entity authorized to accept service on behalf of Chase, in violation of Fed. R. Civ. P. 4(h).

6. Second, the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) under the *Colorado River* abstention doctrine because Stewart is attempting to litigate the same issues in his Complaint that he has litigated in the ongoing foreclosure action.

7. Third, the Court should dismiss Stewart's claims against Chase, both brought under the FDCPA, with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Chase is not a "debt collector" under the FDCPA, as Chase is the creditor of Stewart's mortgage. *See Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the [FDCPA]."). Furthermore, in a prior federal suit brought by Stewart against Chase under the FDCPA – and relating to the same mortgage at issue in this case and the Foreclosur Action – Judge Rowland dismissed Stewart's FDCPA claim with

prejudice because Chase is not a "debt collector" with respect to the mortgage. *Stewart v. JP Morgan Chase Bank, N.A.*, No. 18 C 7584, 2020 U.S. Dist. LEXIS 13654, at *7-9 (N.D. Ill. Jan. 28, 2020).

8.  Chase's grounds for dismissal are further set forth and supported in its Memorandum in Support of Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6) and supporting exhibits, filed contemporaneously herewith.

WHEREFORE, defendant JPMorgan Chase Bank, N.A. respectfully requests that this Court enter an order dismissing Plaintiff's Complaint as to Chase with prejudice, and granting such further and additional relief as this Court deems just and appropriate.

Dated: July 20, 2023

Respectfully submitted,

**JPMORGAN CHASE BANK, N.A.**

By: /s/ Andrew D. LeMar
One of Its Attorneys

Andrew D. LeMar
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
alemar@burkelaw.com

3

## CERTIFICATE OF SERVICE

On July 20, 2023, the undersigned caused the foregoing Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6), to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system.

    /s/ Andrew D. LeMar
    Andrew D. LeMar

4888-9172-0561, v. 1